IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAFFIC LAW CENTER OF SULLIVAN & ASSOCIATES, LLC<br><br>Plaintiff,<br><br>v.<br><br>Carter Law Offices, LLC<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Traffic Law Center of Sullivan & Associates, LLC ("Traffic Law Center"), for its Complaint against Defendant Carter Law Offices, LLC ("Carter"), hereby states as follows:

## PARTIES

1. Traffic Law Center is a Missouri limited liability company with its principal place of business at 13930 Manchester Road, Ballwin, Missouri 63011.

2. Upon information and belief, Carter is a Missouri limited liability company with offices at 1001 Craig Road, Suite 260, St. Louis, MO 63146 and 1148 South Benton, St. Charles, MO 63301.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademarks) and 15 U.S.C. § 1121.  Traffic Law Center's claims in Counts I & II arise under the laws of the United States, specifically 15 U.S.C. §§ 1114 and 1125.  Subject matter jurisdiction exists over Traffic Law Center's state law counts under 28 U.S.C. § 1367(a) because the claims are so related they form part of the same case or controversy.

5745940.1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) as Carter is a Missouri legal entity with offices within the jurisdictional boundaries of the Eastern District of Missouri.  On information and belief, Carter also conducts business in this judicial district and is subject to personal jurisdiction here.  Further, a substantial part of the events giving rise to Traffic Law Center's claims herein occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

## TRAFFIC LAW CENTER'S MARKS

5. Traffic Law Center is the assignee of two Federal Registrations for distinctive marks that include the phrase TRAFFIC LAW CENTER ("TLC Marks").  Traffic Law Center uses the TLC Marks in connection with its operations, which include providing legal services in Missouri, Illinois and Kansas.  Traffic Law Center's registrations for the TLC Marks are listed on the United States Principal Trademark Register as Nos. 3,059,766 and 2,371,197.  These Registrations are valid and subsisting, and copies of the Registrations are attached to this Complaint as **Group Exhibit A.**

6. Reg. No. 3,059,766, registered February 21, 2006, is for the mark TRAFFIC LAW CENTER in a standard character format and covers the services of *"legal services"* in International Class 42.

7. Reg. No. 2,371,197, registered July 25, 2000, which is shown below, is for *"legal services"* in International Class 42.



8. Both of the marks shown in Reg. No. 3,059,766 and Reg. No. 2,371,197 have become incontestable.

9. Traffic Law Center gives notice that the TLC Marks are registered with the U.S. Patent and Trademark Office by displaying the ® when using the TLC Marks.

10. For years, Traffic Law Center has advertised and promoted the TLC Marks in connection with the legal services Traffic Law Center provides.  Traffic Law Center's advertisements and promotions have appeared in various advertisements including billboards, office marquees and displays, signs, brochures and on the radio, television and internet.  In each case, Traffic Law Center prominently displays the TLC Marks.

11. As a result of Traffic Law Center's sales, advertising and promotion of the TLC Marks in connection with the legal services Traffic Law Center provides, Traffic Law Center has established and owns significant goodwill in the TLC Marks and the services offered in connection with which the TLC Marks are used.  The TLC Marks are distinctive as standing for the services of Traffic Law Center.  Consumers and others who use Traffic Law Center's services recognize the TLC Marks as an indicator of source and associate the TLC Marks with Traffic Law Center.

**CARTER'S INFRINGING ACTIVITIES**

12. On information and belief, Carter provides legal services in a variety of areas including traffic related offenses.

13. Unbeknownst to Traffic Law Center and long after Traffic Law Center established its rights in the TLC Marks, Carter began using  "TRAFFIC LAWYER CENTERS" in advertisements, which is confusingly similar to Traffic Law Center's trademarked phrase

"Traffic Law Center," in interstate commerce in connection with the legal services offered by Carter ("Infringing Mark").

14. One example of Carter's infringing activity is shown below and in attached **Exhibit B**:

> ST. LOUIS METRO AREA TRAFFIC TICKETS STARTING AT **$45.00**
>
> Traffic Lawyer Centers -- ST. LOUIS MO & ST. CHARLES MO
>
> COMING SOON -- PLEASE CLICK LOGO ABOVE FOR OUR AFFILIATE
>
> (636) 916-4040   AND   (314) 895-4040
>
> Proud Sponsor St. Louis Time & Temperature  321-2522
> 5th Street & 70, St. Louis 63146 & St. Charles 63301
> Send us an e-mail for a quick response  carter@45bucks.com

15. Another example of Carter's infringing activity is shown below and in the attached **Exhibit C**:[1]

> Traffic Lawyer centers, St. Louis MO Traffic Lawyer Centers St. Charles MO, Traffic Lawyer centers Missouri
>
> Traffic Lawyer Centers is proud to be a part of the Traffic Law News network here in ST. LOUIS MO assuring all consumers they can hire attorneys to help with their speeding and traffic tickets starting from $45 for a minor traffic ticket and $500 for first time DWI

16. On information and belief, Carter also uses the domains www.trafficlawyercenter.com or www.trafficlawcentre.com[2] ("Infringing Websites") wherein Carter infringes the TLC Marks by its use of the phrase "Traffic Lawyer Centers." Carter is responsible for promoting and selling the services alleged herein to infringe in this judicial district and throughout the worldwide web.

---

[1] **Exhibits B** and **C** are a screen shot from a website www.trafficlawyercenter.com.
[2] "www.trafficlawcentre.com" is the proper spelling as it is being used by Carter.

17. Traffic Law Center has given notice to Carter of Traffic Law Center's registration of the TLC Marks and requested Carter cease and desist using the Infringing Mark. Carter persists in infringing Traffic Law Center's intellectual property right.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

18. Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 - 17.

19. Traffic Law Center owns valid trademarks and registrations for the TLC Marks.

20. Carter's Infringing Mark and Infringing Websites are a colorable imitation of Traffic Law Center's TLC Marks and are being used by Carter without Traffic Law Center's consent.

21. Carter is using the Infringing Mark and Infringing Websites in commerce for both related and identical services to those provided by Traffic Law Center and Traffic Law Center's use of the TLC Marks and such use by Carter is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of the TLC Marks.

22. Carter's use of the Infringing Mark and Infringing Websites has caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

23. Traffic Law Center gives notice that the TLC Marks are registered with the U.S. Patent and Trademark Office by displaying the ® when using the TLC Marks.

24. Traffic Law Center requested Carter cease and desist from its acts of trademark infringement and gave Carter actual notice of Traffic Law Center's prior use and registrations of

the TLC Marks, but Carter refused to cease such acts thereby making Carter's infringement willful.

25. Traffic Law Center has been damaged by Carter's actions.

26. Unless this Court acts to enjoin Carter, its acts herein complained of will cause irreparable damage to Traffic Law Center's property rights, goodwill, and reputation and will cause great and irreparable damage to Traffic Law Center.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

27. Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 – 26.

28. Traffic Law Center owns valid trademark rights in the TLC Marks.

29. Traffic Law Center advertises the TLC Marks in the Eastern District of Missouri, and has invested substantial resources to create recognition in the TLC Marks. Traffic Law Center has also used the TLC Marks in connection with legal services since at least as early as 1990. As such, the TLC Marks are distinctive and/or have acquired secondary meaning and are valid common law trademarks making Traffic Law Center the rightful owner of all common law rights in the TLC Marks.

30. Carter's Infringing Mark and Infringing Websites are a confusingly similar imitation of Traffic Law Center's TLC Marks.

31. Carter's use of the Infringing Mark for related services, including on its Infringing Websites, is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of the services Carter provides.

32. Carter's use of the Infringing Mark and Infringing Websites is likely to cause an appreciable number of ordinary buyers to believe that Carter and Traffic Law Center are somehow affiliated when they are not.

33. Traffic Law Center has been damaged by Carter's actions.

34. Unless this Court acts to enjoin Carter, its acts herein complained of will cause irreparable damage to Traffic Law Center's property rights, goodwill, and reputation and will cause great and irreparable damage to Traffic Law Center.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

35. Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 – 34.

36. Traffic Law Center owns valid trademark rights in the TLC Marks.

37. Traffic Law Center advertises the TLC Marks in the Eastern District of Missouri, and has invested substantial resources to create recognition in the TLC Marks. Traffic Law Center has also used the TLC Marks in connection with legal services since at least as early as 1990. As such, the TLC Marks are distinctive and/or have acquired secondary meaning and are valid common law trademarks making Traffic Law Center the rightful owner of all common law rights in the TLC Marks.

38. Carter's Infringing Mark and Infringing Websites are a confusingly similar imitation of Traffic Law Center's TLC Marks and Carter is using the Infringing Mark despite Traffic Law Center's objections.

39. Carter's use in commerce of the Infringing Mark and Infringing Websites is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Carter with Traffic Law Center or as to the origin, sponsorship, or approval of

Carter's services or commercial activities by Traffic Law Center, thereby causing damage to the business reputation of Traffic Law Center.

40.     Upon information and belief, Carter's use of the Infringing Mark and Infringing Websites is done with improper motive and reckless indifference to Traffic Law Center's rights.

41.     Carter's conduct has damaged Traffic Law Center.

42.     Carter's use of the Infringing Mark and Infringing Websites caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

43.     Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 – 42.

44.     Traffic Law Center owns valid trademark rights in the TLC Marks.

45.     Traffic Law Center advertises the TLC Marks in the Eastern District of Missouri, and has invested substantial resources to create recognition in the TLC Marks.  Traffic Law Center has also used the TLC Marks in connection with legal services since at least as early as 1990.  As such, the TLC Marks are distinctive, and consumers associate these marks with the services of Traffic Law Center.

46.     Carter's Infringing Mark and Infringing Websites are a confusingly similar imitation of Traffic Law Center's TLC Marks.

47.     Carter's use of the Infringing Mark for related services, including on its Infringing Websites, is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of the services it provides.

48.    Carter's use of the Infringing Mark and Infringing Websites is likely to cause an appreciable number of ordinary buyers to believe that Carter and Traffic Law Center are somehow affiliated when they are not.

49.    Carter's use of the Infringing Mark and Infringing Websites has caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Traffic Law Center requests the following relief against Carter:

A.    Carter, its subsidiaries, affiliates, franchisees, licensees, officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under its control, by, through, under, or in active concert or in participation with Carter, pursuant to 15 U.S.C. § 1116, be permanently enjoined from:

    1.    Using the phrase "Traffic Lawyer Centers" and/or any similar imitations in any advertisements, names, domain names, court filings, governmental filings, or any other manner, and further from using the Infringing Mark or any other mark that is likely to cause confusion, mistake or deception with the TLC Marks;

    2.    Using any mark or doing any act or thing likely to confuse the public that Carter's services are in any way associated with, sponsored by, or connected with Traffic Law Center, including, but not limited to, using the Infringing Mark on the worldwide web; and

    3.    Printing, publishing, promoting, lending, or distributing any advertisement, whether written, audio or visually portrayed which use or refer to Traffic Law Center's TLC Marks or any mark confusingly similar thereto.

B.    Carter must deliver up for destruction of all goods, advertising, business cards, literature, and other forms of promotional material bearing or showing the Infringing Mark, or a confusingly similar mark pursuant to 15 U.S.C. §1118;

C.    Carter must transfer the ownership of the Infringing Websites to Traffic Law Center.

D.    Carter must account for all gains, profits, and advantages derived from its acts of infringement pursuant to 15 U.S.C. § 1117;

E.    A finding that this is an exceptional case under 15 U.S.C. §1117, and an award to Traffic Law Center of a sum above the amount found as actual damages not exceeding three times such amount, and its reasonable attorneys' fees;

F.    Carter must pay Traffic Law Center its costs and disbursements in bringing this action and prejudgment and post-judgment interest as appropriate pursuant to 15 U.S.C. § 1117;

G.    Carter must report to this Court of its compliance with the foregoing within thirty (30) days of judgment; and

H.    For such other and further relief that the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury on all issues so triable.

                                      Respectfully submitted,
                                      **Thompson Coburn LLP**

                By:     <u>/s/    *Matthew A. Braunel*</u>
                          David B. Jinkins, #49254
                          Matthew A. Braunel, #50711

                          One US Bank Plaza
                          St. Louis, MO  63101
                          (314) 552-6000
                          (314) 552-7000 (fax)

                          Attorneys for the Plaintiff
                          Traffic Law Center of Sullivan
                          & Associates, LLC